UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60129-CR-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

MICHAEL SPADORO,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America and the defendant, **MICHAEL SPADORO** ("SPADORO"),

agree that had this case gone to trial, the United States would have proven the following facts,

which occurred in the Southern District of Florida and elsewhere, beyond a reasonable doubt:

On or about August 18, 2023, SPADORO, a United States citizen, arrived at the Fort *Hollywood International Airport in Broward County.* ~~Lauderdale-Port Everglades cruise ship port from the Bahamas.~~ United States Customs and Border

Protection ("CBP") officers referred SPADORO to passport control secondary for further

examination of his purpose of travel.

During the secondary examination, SPADORO advised CBP officers that he traveled to

the Bahamas for seven days with family for vacation. During routine questioning, SPADORO told

CBP officers that he had been previously arrested but would not disclose the nature of the arrest.

SPADORO advised the arrest records were sealed.

A criminal history check revealed SPADORO was arrested in the State of New Jersey on

January 11, 2013, for one count of knowingly possessing child pornography and one count of

selling/manufacturing child pornography. New Jersey court records show that SPADORO was a

juvenile at the time, and that he was sentenced to one-year juvenile probation and ordered to see a

doctor for treatment and once his probation was concluded, his charges would be changed to

"deferred disposition."

At the time of the examination, SPADORO was in possession of an iPhone and a MacBook Air, among other personal items. CBP officers attempted to conduct a cursory search of SPADORO's iPhone and a MacBook Air, but both devices were password protected and SPADORO refused to provide CBP officers with the passwords. CBP officers detained SPADORO's devices for Homeland Security Investigations to conduct full forensic examinations of SPADORO's electronic devices. SPADORO was released pending examination.

Using forensic computer software that is commonly used by law enforcement, the password for SPADORO's iPhone was obtained which enabled law enforcement to conduct a full forensic examination of the iPhone to view its contents. The forensic examination revealed the details of the SPADORO's iPhone which shows a serial number of G6TWVX92JCL9 and has a device name of "Michaels iPhone (2)." Among other things, the iPhone contained email addresses and social media account usernames linked to SPADORO, and hundreds of photographs of SPADORO.

On SPADORO's iPhone, which is a computer as defined in 18 U.S.C. § 1030(e)(1), law enforcement discovered multiple photographs and videos containing child sexual abuse material ("CSAM"). The forensic review of SPADORO's iPhone revealed 261 unique CSAM images and 23 unique CSAM videos. The images include a boy, that is approximately 8 to 10 years old, laying on his stomach on a bed and a naked boy approximately 16 to 18 years old kneeling behind the younger boy as he engages in anal sex with the younger boy. Another image depicts a naked boy approximately 8 to 10 years old engaged in oral sex with a naked male who appears to be an adult. Another image depicts a naked boy approximately 14 to 16 years old masturbating.

SPADORO now admits that he knowingly possessed, or accessed with intent to view, matter containing visual depictions that were shipped or transported in interstate or foreign commerce by any means, including by computer. He admits that these visual depictions involved using a minor to engage in sexually explicit conduct and that the depictions show a minor engaged in sexually explicit conduct. SPADORO further admits that he knew that at least one performer in the depictions was a minor and he knew the depiction showed the minor engaged in sexually explicit conduct.

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove the allegations in the Indictment beyond a reasonable doubt.

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY

Date: /- 23-25    By: _____
CAMILLE C.T. SMITH
ASSISTANT UNITED STATES ATTORNEY

Date: /-23-25    By: _____
RICHARD SERAFINI
ATTORNEY FOR DEFENDANT

Date: /-23-25    By: _____
MICHAEL SPADORO
DEFENDANT

3